## UNITED STATES of America

v.

## Rodney R. HAILEY, Defendant.

## Criminal No. 11–CR–0540–WDQ.

United States District Court,
D. Maryland,
Northern Division.

Jan. 6, 2012.

Stefan Dante Cassella, Rod J. Rosenstein, Tonya Nicole Kelly, Office of The United States Attorney, Baltimore, MD, for United States of America.

Jeffrey Earl Risberg, Office of the Federal Public Defender, Baltimore, MD, for Defendant.

## ORDER TO DISCLOSE SOURCE OF UNEXPLAINED CURRENCY

QUARLES, District Judge.

Before the Court is the Government's motion, filed pursuant to 21 U.S.C. § 853(e), for an order directing the Defendant Rodney R. Hailey and his wife Tracey O. Hailey to disclose the source of a previously undisclosed quantity of currency.

The evidence provided by the Government suggests that the Haileys, having previously advised the Court on August 26, 2011, that they had only S2000 in cash on hand, had access to nearly $15,000 in currency that they used to make various purchases and payments between September and December, 2011. The Government suggests that the previously undisclosed currency may be traceable to between $5 million and S6 million in alleged fraud proceeds that the Government has thus far been unable to recover in the course of its criminal investigation, and accordingly asks the court to order the Haileys to disclose the source of the currency and to state, under oath, whether they have any other remaining currency at their disposal.

Section 853(e) provides that the Court may take any action necessary "to preserve the availability of property" subject to forfeiture in a criminal case. Here, the grand jury has found probable cause to believe that the Defendant obtained approximately $9 million in proceeds from a scheme to defraud, but the Government has been able to locate only slightly more than $3 million in property traceable to those proceeds. Accordingly, any hoard of cash that remains in the Defendant's possession—whether traceable to the alleged scheme to defraud or not—will be subject to forfeiture in the event the Defendant is found guilty. Moreover, as the Government points out in its motion, that the Defendant and his wife were able to disburse nearly $15,000 in currency in the weeks immediately following their representation to the Court that they had only $2000 in cash on hand suggests that the Defendant may not have fully complied with the previous order directing them to account for all of their available assets.

Therefore, for the reasons set forth in the Government's motion, the Defendant Rodney R. Hailey and his wife Tracey O. Hailey are HEREBY ORDERED to disclose to the Court and to the United States Attorney the source of the $3,800 in currency used to fund the Green Dot / Cash Debit account as described in Exhibit A to the Government's motion, and the $10,950 used to pay the property taxes in Baltimore County as described in Exhibit B to that motion; and

IT IS FURTHER ORDERED that the Defendant Rodney R. Hailey and his wife Tracey O. Hailey shall state in writing, under penalty of perjury, whether they possess or control any other assets traceable to the $9 million in alleged fraud proceeds that have not previously been disclosed to the Court; and

IT IS FURTHER ORDERED that the Defendant Rodney R. Hailey and his wife Tracey O. Hailey shall turn over to the Government any currency in their possession that is traceable, directly or indirectly, to the sale of Renewable Identification Numbers (RINs) and has not been exempted from the restraining order issued by this Court on October 28, 2011.

IT IS SO ORDERED.